1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN L. CORRIGAN SR.,<br><br>                    Plaintiff,<br>        v.<br><br>MASON COUNTY et al.,<br><br>                    Defendants. | CASE NO. 3:25-cv-05611-DGE<br><br>ORDER GRANTING MOTION TO DISMISS (DKT. NO. 5) |

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 5).  For the reasons discussed herein, Defendants' motion is GRANTED.  Plaintiff's Complaint is DISMISSED with leave to amend.

## I        FACTUAL AND PROCEDURAL BACKGROUND

This litigation stems out of an incident at Belfair State Park on August 13, 2022, where Plaintiff John L. Corrigan, Sr. was issued a $50 parking citation for illegally parking his motorcycle.  (Dkt. No. 2 at 9.)  At a December 9, 2022, hearing, Defendant Stephen D. Greer, a county district court judge, heard the case and found Plaintiff committed the infraction.  (*Id.*)

1    Plaintiff appealed Judge Greer's ruling and paid the associated $235 appeal fee.  (*Id.*)  Before

2    Plaintiff's appeal could be heard, the citation was found to be untimely and the charge against

3    Plaintiff was dismissed.  (*Id.*)  Plaintiff did not receive a refund of his appeal fee.  (*Id.* at 12.)

4         On June 30, 2025, Plaintiff, proceeding *pro se*, filed a complaint in the Mason County

5    Superior Court.  (Dkt. No. 1.)  Plaintiff brought 42 U.S.C. § 1983 claims under the Fourth, Sixth,

6    and Fourteenth Amendments of the United States Constitution against three individual

7    Defendants for the following reasons: Greer for failing to provide an adequate hearing,

8    Prosecutor Anne Mullen for engaging in an unlawful prosecution, and Administrator Patsy

9    Robinson for failing to protect Plaintiff's due process rights throughout the process.  (Dkt. No.

10   2.)  Plaintiff also brought a 42 U.S.C. § 1983 claim under the Fourth, Sixth, and Fourteenth

11   Amendments of the United States Constitution against Defendant Mason County for failing to

12   supervise and train Greer, Mullen, and Robinson.  (*Id.* at 10–12.)

13        On July 15, 2025, Defendants removed the case to this Court.  (Dkt. No. 1.)  On July 21,

14   2025, Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon

15   which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 5.)

16   Plaintiff did not respond to the motion.

17                        **II        LEGAL STANDARD**

18        On a motion to dismiss for failure to state a claim, the Court must accept as true all well-

19   pleaded factual allegations and construe the allegations in favor of the non-moving party.  *See*

20   *Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012).  Complaints filed pro se are "to

21   be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*,

22   429 U.S. 97, 106 (1976)). A complaint may only be dismissed without leave to amend if

23

24

amending would be futile.  *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

The Court need not, however, assume the truth of conclusory allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Pursuant to Local Civil Rule 7(b)(2), failure by the non-moving party to respond to a motion to dismiss "may be considered by the court as an admission that the motion has merit."

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*  The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547.

"A litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992).  To successfully state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*; *Daniels v. Williams*, 474 U.S. 327 (1986).  Both elements are required. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).  The plaintiff must set

1  forth a specific factual basis upon which he claims each defendant is liable. *Aldabe v. Aldabe*,

2  616 F.2d 1089, 1092 (9th Cir. 1980). Vague and conclusory allegations are not sufficient. *Ivey*

3  *v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

4  ### III    DISCUSSION

5        Plaintiff brings a 42 U.S.C. § 1983 claim against Mason County, Greer, Mullen, and

6  Robinson. Defendants argue Plaintiff's demand for declaratory judgment against Greer is

7  nonjusticiable because "[Plaintiff]'s parking ticket was later dismissed." (Dkt. No. 5 at 4, 6.)

8  Defendants cite *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) for the

9  proposition that this dismissal of the initial citation makes the dispute no longer "definite and

10  concrete" and any opinion would only be "advising what the law would be upon a hypothetical

11  state of facts." (*Id.* at 4.)

12        In *MedImmune, Inc.*, the Supreme Court left district courts with great discretion to

13  consider "equitable, prudential, and policy arguments" when considering discretionary "denial of

14  declaratory relief." *Id.* at 136–137. Here, Plaintiff did not respond to Defendants' motion.

15  Plaintiff's failure to respond can be taken as an admission that Defendants' motion has merit.

16  Local Civil Rule 7(b)(2). However, courts in the Ninth Circuit have held plaintiffs can still bring

17  claims for the issuance of tickets, even if those tickets are later dismissed. *See Mwithiga v.*

18  *Pierce*, 758 F.Supp.3d 1230 (D. Nev. 2024); *Yellen v. Hawaii*, CIVIL No. 00010 SOM-KJM,

19  2022 WL 1499957 (D. Haw. May 2022). Therefore, the Court declines to dismiss this case for

20  lack of case or controversy. Even without holding in Defendants' favor on this issue, Plaintiff

21  fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil

22  Procedure 12(b)(6).

23  **A.  Mason County**

24

1    Plaintiff first brings a 42 U.S.C. § 1983 claim against Mason County for failing to

2    supervise and train Greer, Mullen, and Robinson.  (Dkt. No. 2 at 8–9.)

3    "While local governments may be sued under [42 U.S.C.] § 1983, they cannot be held

4    vicariously liable for their employees' constitutional violations."  *Gravelet-Blondin v. Shelton*,

5    728 F.3d 1086, 1096 (9th Cir. 2013).  Instead, to state a § 1983 claim against a municipality, a

6    plaintiff must allege facts to support a reasonable inference that the execution of a policy,

7    custom, or practice of the municipality was the "moving force" behind a deprivation of his

8    constitutional rights.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–692 (1978).

9    There are three established scenarios in which a municipality may be liable for

10   constitutional violations under § 1983.  "First, a local government may be held liable 'when

11   implementation of its official policies or established customs inflicts the constitutional injury.'"

12   *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010) *overruled on other*

13   *grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (quoting *Monell*, 436

14   U.S. at 708).  Second, a plaintiff can prevail on a § 1983 claim against a municipality by

15   identifying acts of omission, such as a pervasive failure to train its employees, "when such

16   omissions amount to the local government's own official policy."  *Id.*  Finally, a municipality

17   "may be held liable under § 1983 when 'the individual who committed the constitutional tort was

18   an official with final policy-making authority' or such an official 'ratified a subordinate's

19   unconstitutional decision or action and the basis for it.'"  *Clouthier*, 591 F.3d at 1250 (quoting

20   *Gillette v. Delmore*, 979 F.2d 1342, 1346–1347 (9th Cir. 1992)).

21   Plaintiff's Complaint concludes Mason County "negligently caused" Plaintiff's injuries

22   by "failing to properly train, supervise and control" the conduct of each individual Defendant.

23   (Dkt. No. 2 at 10–12.)  Plaintiff's Complaint, even liberally construed, alleges no facts

24

establishing a policy or custom by Mason County responsible for Plaintiff's injuries.  Plaintiff's

Complaint contains only vague and conclusory assertions about the alleged failure to train and

sets forth no facts concerning any acts of omission responsible for the alleged violations.

Finally, Plaintiff does not allege a violation by an individual with final policy-making status.

Accordingly, Plaintiff has failed to state a claim for relief against Mason County.

### B.  Greer, Mullen, and Robinson

Plaintiff brings claims against Greer, Mullen, and Robinson for violations committed in,

respectively, their roles as judge, prosecutor, and county administrator.  (Dkt. No. 2.)  Plaintiff

alleges violations by Greer for "fraudulently dismiss[ing]" a subpoena submitted by Plaintiff,

"show[ing] excessive favoritism" to Defendants, and "show[ing] bias and prejudice in his actual

decision."  (*Id.* at 10.)  Plaintiff alleges violations by Mullen for providing inferior and

unnumbered discovery photos, "conspir[ing] with Defendant Greer to "unlawfully quash

[Plaintiff's] subpoena," and "obstruct[ing] the identity of a witness."  (*Id.* at 11.)

Plaintiff alleges violations by Robinson for filing an untimely infraction, failing to make

forms "readily available," failing to provide required information about the subpoena process in

the service letter, failing to engage in sufficient communication with Plaintiff, requiring

Plaintiff's identification for access to filings, requiring and failing to refund a "way out of

proportion" appeal fee, and ignoring a request for subpoena.  (*Id.* at 12.)  Greer and Mullen argue

Plaintiff's claims against them are barred by judicial and prosecutorial immunity.  (Dkt. No. 5 at

4–7.)  As to Robinson, Defendants argue Plaintiff's Complaint fails to provide both sufficient

facts as to "how Ms. Robinson was involved" in any of the errors Plaintiff states occurred and

the basis on which these claims are "constitutional" rather than mere "poor customer service."

(Dkt. No. 5 at 8.)

"A suit against a governmental officer in his official capacity is equivalent to a suit against the government entity itself." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Any official capacity claims "should be analyzed together with claims against the entity." *Crema v. Las Vegas Metro. Police Dep't,* Case No. 2:17-cv-01535-RFB-VCF, 2023 WL 6262556 at *14 (D. Nev. Sept. 25, 2023). Thus, to the extent Plaintiff has failed to state a claim with respect to Mason County, Plaintiff has also failed to state a claim against Robinson in her official capacity.

Similarly, Plaintiff's claims against Greer and Mullen in their official capacities are in fact claims against the State of Washington. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (holding a county prosecutor's office "acts as a state office with regard to actions taken its prosecutorial capacity, and is not subject to suit under § 1983."); *Ironwill v. Washington*, Case No. 3:23-cv-06146-RSL-BAT, 2024 WL 1862062, at *5 (W.D. Wash. Feb. 9, 2024). States and arms of the state, including state agencies, are barred from § 1983 liability under the Eleventh Amendment. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989). Thus, Plaintiff has also failed to state a claim against Greer and Mullen in their official capacities.

Plaintiff asserts "[a]t all times relevant hereto and in all their actions described herein," Defendants were acting "under color of law and pursuant to their authority as county court personnel." (Dkt. No. 2 at 9.) Even liberally construing this to include suits against Defendants in their individual capacities, Plaintiff fails to state a claim against any of the individual Defendants.

With respect to any claims against them in their individual capacities, both Judge Greer and Prosecutor Mullen are protected by absolute immunity. Judicial immunity extends to all acts "normally performed by a judge" where the "expectation[] of the parties" is that they are

"deal[ing] with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  Judicial immunity ends only where a judge has acted in "clear absence of all jurisdiction." *Id.* at 357 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871).  The Ninth Circuit has held judicial immunity extends beyond monetary damages to "declaratory, injunctive, and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996), *superseded by statute on other grounds*; *see also Rote v. Comm. on Judicial Conduct and Disability of Judicial Conf. of U.S.*, 577 F.Supp.3d 1106, 1126 (D. Ore. 2021).

Here, Plaintiff alleges violations related only to Greer's actions in his judicial capacity. The acts of ruling on subpoenas, communicating with parties, and issuing decisions are all squarely within the acts normally performed by a judge.  Therefore, Greer's actions are protected by judicial immunity.

Similarly, prosecutorial immunity extends to all actions by a prosecutor acting "within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (rejecting the idea a prosecutor is entitled to only qualified immunity).  Absolute prosecutorial immunity applies where the prosecutor is acting as an advocate in judicial proceedings, such as initiating or pursuing a suit.  *Kalina v. Fletcher*, 522 U.S. 118, 124 (1997) (citing *Imbler*, 424 U.S. at 410). Only qualified immunity exists, however, when a prosecutor is acting in investigative or other non-prosecutorial roles.  *Id.* at 127 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273–274 (1993).

All of Plaintiff's allegations against Mullen fit squarely within the doctrine of absolute prosecutorial immunity.  Plaintiff misstates the law when he asserts Mullen is protected only by qualified immunity.  Prosecutorial immunity is motivated by function, with absolute immunity for actions within the scope of "initiating and pursuing" a prosecution. *Imbler*, 424 U.S. at 410.

The actions of providing and labeling discovery photographs, communicating with the presiding judge, and identifying witnesses are all "intimately associated with" the act of a prosecution and so "absolute immunity appl[ies] with full force." *Id.* at 430. Vague allegations of conspiracy and obstruction are insufficient to waive immunity. *See Imbler*, 424 U.S. at 416; *see also Anderson v. City of Bellevue*, 862 F.Supp.2d 1095, 1102 (W.D. Wash. 2012) (citing *Rehberg v. Paulk*, 611 F.3d 828, 851 (11th Cir. 2010)).

Plaintiff's attempt to avoid prosecutorial immunity by stating the suit is not for money damages is similarly unsuccessful. Plaintiff is correct to the extent judicial and prosecutorial immunity do not extend to prospective injunctive relief. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). However, Plaintiff is not seeking prospective injunctive relief but rather a "declar[ation] that [Plaintiff] was not given a fair and impartial trial." (Dkt. No. 2 at 13.)

To the extent Plaintiff requests declaratory judgment, it is only against Greer and not Mullen. (Dkt. No. 2 at 9, 13.) Additionally, Plaintiff's prayer for relief seeks, "compensatory damages . . . not less than the amount of $50,000" for "the matters alleged in this Complaint" generally, with no attempt to distinguish between his various claims. (Dkt. No. 2 at 13.) Finally, the Court treats Plaintiff's failure to respond to Defendants' motion as an admission that Defendants' arguments concerning prosecutorial immunity, along with all their other arguments in favor of dismissal, have merit. Local Civil Rule 7(b)(2).

Robinson is not protected by governmental immunity. However, allegations against her must still be plead with individualized particularity showing her actions caused "a deprivation of the plaintiff's rights." *Arnold v. Int'l Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). None of Plaintiff's allegations sufficiently demonstrate Robinson's actions led to a constitutional deprivation. Plaintiff makes eight allegations against Administrator Robinson.

First, Plaintiff alleges the citation was untimely.  (Dkt. No. 2 at 12.)  Second, Plaintiff alleges a lack of readily available forms infringed on his right to a speedy trial, due process, and a fair and impartial adjudication.  (*Id*.)  Third, Plaintiff alleges the service letter accompanying the subpoena was improper because it did not inform him a statement justifying the subpoena was required.  (*Id*.)  Fourth, Plaintiff alleges email communication was "not available as it should have been." (*Id*.)  Fifth, Plaintiff alleges he was required to give his identification to get a copy of his docket fees.  (*Id*.)  Sixth, Plaintiff alleges he was not refunded his $245 appeal fee.  (*Id*.)  Seventh, Plaintiff alleges the appeal fee of $245 was "way out of proportion" to the infraction. (*Id*.)  Finally, Plaintiff alleges his "request for subpoena for unknown witness was ignored without explanation, without justification, and completely outside the discovery rules."  (*Id*.)

There is no indication Robinson was responsible for any of the acts identified by Plaintiff.  Direct causation and not mere "conclusory allegations" is required.  *Aldabe*, 616 F.2d at 1092.  Plaintiff fails to provide any details as to why the alleged errors—even if less-than-ideal customer service—rise to the level of constitutional violations.  *See Lockett v. Cnty of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) ("*Monell* claims thus require a plaintiff to show an underlying constitutional violation"); *Panavision Intern, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998) (holding inconvenience is not a per se constitutional violation).  Even liberally construed, Plaintiff's statement that inaccessible forms "infring[ed] on [his] right to a speedy trial, due process, and a fair and impartial adjudication" is merely conclusory. (Dkt. No. 2 at 12.)

Accordingly, Plaintiff has failed to state a claim for relief against Greer, Mullen, or Robinson.

1

## IV    CONCLUSION

2    Accordingly, and having considered Defendants' motion, the briefing of the parties, and

3 the remainder of the record, the Court finds and ORDERS that Defendants' Motion to Dismiss

4 (Dkt. No. 5) is GRANTED.  Plaintiff's Complaint is DISMISSED with leave to amend.  Should

5 Plaintiff wish to file an Amended Complaint, he must do so by **September 15, 2025**. If no

6 motion is filed, the Court will dismiss this case with prejudice.

7    The Clerk shall calendar this event.

8    Dated this 25th day of August, 2025.

9

10

11    David G. Estudillo
      United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 5) - 11